**Tejinder SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71686.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 5, 2012.

Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ada Elsie Bosque, Trial, OIL, Jem C. Sponzo, Esquire, Andrew B. Insenga, Trial, William Charles Peachey, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of The District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Tejinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's conclusion that, even though Singh suffered past persecution, conditions have changed in India such that Singh no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez,* 336 F.3d at 1000–01 (individualized analysis of changed country conditions rebutted presumption of well-founded fear). Accordingly, Singh's asylum and withholding of removal claims fail. *See id.* at 1001 fn. 5.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to consider Singh's unexhausted claim that he is eligible for humanitarian asylum. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Finally, substantial evidence also supports the agency's denial of CAT relief, because Singh failed to establish it is more likely than not that he would be tortured if he returned to India. *See Wakkary v. Holder,* 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.